# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-

_____

| | | |
|---|---|---|
| David Stebbins | ) | |
|     Appellant | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| Wal-Mart Stores, Inc. | ) | District of Arkansas |
|     Appellees | ) | |
| | ) | |

## BRIEFING IN SUPPORT OF APPEAL

Comes now *pro se* Appellant David Stebbins, who respectfully submits the following brief in support of my appeal.

I know that you said that no brief was required, but I insist on providing one. I have the right to be heard in this case. It is part of my due process rights.

## TABLE OF CONTENTS

1. Table of Contents — 1
2. Jurisdictional Statement — 1
   1. District Court's Jurisdiction — 2
   2. Appellate Court's Jurisdiction — 2
   3. Timeliness — 2
   4. Finality of judgment — 2
3. Statement of Issues — 2
4. Statement of Case — 2
5. Summary of Argument — 4
6. Argument — 5
7. Standard of Review — 13
8. Conclusion — 14

## JURISDICTIONAL STATEMENT

In compliance with FRAP Rule 28(a)(4), I hereby submit the following jurisdictional statement:

## District Court's Jurisdiction

Initially, the District Court had jurisdiction to hear this case because it involved a claim of employment discrimination. See the Rehabilitation Act of 1973. SeeHowever, I later filed with the court a motion to confirm an arbitration award. SeeAt that point, the court retained jurisdiction to hear this claim, but under a different federal question: The Federal Arbitration Act. See 9 U.S.C. § 9.

## Appellate Court Jurisdiction

This appeal is being taken as a matter of right, because I am appealing the District Court's refusal to confirm an arbitration award. See 9 U.S.C. § 16(a)(1)(D).

## Timeliness

This appeal is timely. I have thirty days after the order being appealed is entered. See FRAP Rule 4(a)(1)(A). The order being appealed was entered on April 20, 2011. The notice of appeal was received by the District Court on April 29, 2011. Therefore, this appeal is timely.

## Finality of judgment

The finality of the judgment is irrelevant, as the court refused to confirm an arbitration award. Statute gives me explicit leave to file this appeal.

## STATEMENT OF ISSUES

I believe that the issues presented for review are thus:

- Did the District Court err in refusing to confirm the arbitration award?

## STATEMENT OF CASE

The following is a chronologically accurate summary of how the case developed in the District Court:

1. On February 22, 2011, the United States District Court for the Western District of

Arkansas ("District Court") received a motion to confirm an arbitration award, filed by me. This arbitration award, for the amount of $660,000,000,000.00, was obtained, not via an actual arbitration award, but via a forfeit victory clause in the contract that stated that, if the Defendants did not accept the arbitration invitation within 24 hours of receiving it, they automatically loose. See Document #20.

2. On February 28, 2011, the court received a motion for partial summary judgment filed by the Defendants, where the Defendants denied one thing, and one thing only: Meeting of the minds. See Document #22.

3. On March 1, 2011, the District Court received a response to the motion for partial summary judgment, filed by me. This response argued that the Defendants' admitted, via their failure to deny, all elements of the instant case, except for meeting of the minds. The response also stated that "meeting of the minds" was established by the contract being clear, unambiguous, and conspicuous. See Document #25.

4. On April 11, 2011, the court received my suggestion in support of my motion to confirm the arbitration award, where I argued that, because the Defendants did not file a motion to vacate the award within the time limit allotted by 9 U.S.C. § 12, I should win automatically. See Document #35.

5. On that same day, the court also received my notice withdrawing the motion, when I discovered the Arkansas Supreme Court case of *Danner v. MBNA America Bank*, Case No. 06-1429, which, at the time, seemed to negate my argument, specified above. See Document #36.

6. On April 14, 2011, the Honorable Erin Setser issued her report and recommendation about the merits of the case, erroneously claiming that 1) this was a unilateral contract,

and 2) the Defendants performed no "act" to signify their acceptance; they merely sent an email. See Document #39.

7. On April 18, 2011, I filed an objection to the report and recommendation, arguing the same that I argued I stated in the above paragraph. See Document #40.

8. On April 20, 2011, the District Court, without providing any explanation as to why, adopted the erroneous report and recommendation in its entirety, and subsequently denied my motion to confirm the arbitration award. See Document #41.

9. On April 20, the District Court received a supplement to my objection, which I sent in the mail prior to the order being entered. This supplement introduced the precedent-setting case of *Davidson & Associates v. Jung*, 8th Cir. Case No. 04-3654, which stated that clicking is an "act" for the purposes of signifying acceptance. See Document #42.

10. On the date of April 21, 2011, the District Court received a suggestion in support of my motion, where I renewed my argument that I made in Document #35. I had previously withdrew it, under the belief that the Arkansas Supreme Court explicitly dis affirmed my logic in *Danner*, but I then found out about the United States Supreme Court case of *Hall Street Associates, LLC v. Mattel, Inc.*, which explicitly dis affirmed the Arkansas Supreme Court's logic in *Danner*.

11. On the date of April 21, 2011, I received a copy of Document #41 in the mail.

12. On the date of April, 26, 2011, the Court received my motion for reconsideration. See Document #44.

13. On the date of April 29, 2011, the Court received my notice of appeal.

## SUMMARY OF ARGUMENT

The District Court erred in failing to confirm the arbitration award. This is for a variety

of reasons.

- The court unequivocally *must* grant a motion to confirm an arbitration award unless it has been vacated, modified, or corrected, pursuant to 9 U.S.C. §§ 10 and 11, which the defendants did not move to do. This requirement is absolute. The Arkansas Supreme Court seems to dis affirm my logic in *Danner*, but the United States Supreme Court has explicitly dis affirmed the AR Supreme Court's logic in *Hall Street*.

- The Defendants agreed to every single essential element of the instant case, except meeting of the minds. Since the report and recommendation did not argue meeting of the minds, the report and recommendation should be disregarded as merely conflicting with established facts.

- Meeting of the minds – the one sole argument the Defendants made in their defense – is established due to the contract being clear, unambiguous, and conspicuous.

- The District Court erred in granting the Defendant's motion for summary judgment because they failed to consider the facts in the light most favorable to me.

- This is not a unilateral contract; it is a bilateral contract.

- Sending an email is an "act" for the purposes of signifying acceptance to a contract, because clicking is an act, and clicking is necessary in order to send an email.

**ARGUMENT**

Allow me to begin with the argument that would render moot the merits of this case: Whether or not the Defendant even has the right to combat the confirmation of the arbitration award.

I am aware that Courts of Appeal to not consider arguments raised for the first time on appeal. See *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Co.*, 539 F.3d 809, 822 (8th

Cir. 2008).  However, in the instant case, my argument may have been introduced late in the District Court proceedings, but it was still introduced.

Granted, I admit that the order denying the motion to confirm the arbitration award was already entered.  However, first of all, I was not aware of that at the time the motion was sent in the mail; second, the order was premature, as I was supposed to have up to two weeks to file any objections.  See 28 U.S.C. § 636(b)(1).  Besides, as you can see from my motion for reconsideration, I would have had the suggestion filed on time, if I only had ECF access.  That being said, I now proceed with my argument.

The Defendants filed no motion to vacate within the three month time limit.  See Document #42 in the District Court proceedings.  A court absolutely *must* grant a motion to confirm an arbitration award *unless* it has been vacated or modified pursuant to §§ 10 and 11 of the FAA.  See 9 U.S.C. § 9.  "There is nothing malleable about 'must grant.'"  See *Medicine Shoppe International, Inc. v. Turner Investments, Inc.*, 8th Cir. Case No. 09-2179.  See also *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

> "§9 makes evident that expanding §10's and §11's detailed categories <u>at all</u> would rub too much against the grain: §9 carries <u>no hint of flexibility</u> in unequivocally telling courts that they "must" confirm an arbitral award, "unless" it is vacated or modified "as prescribed" by §§10 and 11. Instead of fighting the text, it makes more sense to see §§9–11 as the substance of a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." (areas of interest underlined for emphasis).

My argument, at first glance, appears to be negated by the case of *Danner v. MBNA America Bank, N.A.*, Supreme Court of Arkansas, Case No. 06-1429, and at first, I thought it was.  However, I later discovered the previously-cited *Hall Street*, which explicitly dis affirms the Arkansas Supreme Court's logic.

Now, I know what you are probably thinking:  In *Hall Street*, there was never a dispute as

to the very existence of an arbitration agreement in the first place, whereas, in *Danner* and in the instant case, it is. While I do not deny the factual accuracy of that statement, I assert that it is beside the point. In *Danner*, the AR Supreme Court's logic is wholly dependent on the prerequisite assumption that there are other avenues, besides those specified in 9 U.S.C. §§ 10 and 11, with which to fight a motion to confirm an arbitration award. It was that logic that *Hall Street* expressly dis affirmed, and without it, *Danner* falls apart at the seams. The actual dispute of the arbitration agreement's very existence may appear relevant, at first glance, it is not relevant, when you actually think about it.

Allow me to better explain myself by hypothetical example. Imagine if a state subject to the 8th Circuit's jurisdiction passes a new law that enacts a gay tax. I am not talking about the lack of a tax cut for unmarried couples; I am talking about state tax returns asking you "Are you homosexual?" If you answer yes, you have to pay more income tax than a heterosexual person of the same income. If you answer no, and the truthful answer is yes, you are committing tax evasion.

So, a group of gay rights activists bring a § 1983 claim to get the Gay Tax Act ruled unconstitutional, but, when it reaches your bench, you deny their claim, since sexual orientation is not a suspect class (*Citizens for Equal Protection v. Brunning*, 8th Cir. Case No. 05-2604), and there is no fundamental right to not be taxed more than your neighbor (hence why there are so many different income tax brackets, based on income). Therefore, the law should receive rational basis review, and although moral disapproval of homosexuality is not a rational basis (see *Romer v. Evans*, 517 U.S. 620 (1996)), raising tax revenue is, and therefore, the Gay Tax Act is constitutional.

However, a year later, the Supreme Court publishes its decision in *Perry v.*

*Schwarzenegger*, where they rule that sexual orientation is indeed a suspect class.

Suddenly, the 8th Circuit's logic crumbles. Now, they must use strict scrutiny against the law, which the Gay Tax Act is most certainly not going to survive. Even though the two laws being addressed by both cases have nothing to do with each other, it does not matter because a prerequisite issue that is in both cases *was* expressly dis affirmed by the U.S. Supreme Court; therefore, the decision in the court of inferior jurisdiction falls apart.

The same applies in the instant case. Although the two cases may not be perfectly alike, a prerequisite issue was expressly dis affirmed by the U.S. Supreme Court. Before we can ask ourselves "Is this situation an exception to the express limitations set forth in the FAA," we must first ask ourselves "Can there even *be* exceptions to the express limitations set forth in the FAA?" If the answer to the latter question is no, then the former question need not be reached, and *Hall Street* has already stated that the answer to the latter question is no.

One might argue that to side with me in this case would significantly prejudice the rights of those who truly did not enter into an arbitration agreement, and that it would have the disparate impact of negating the law that an arbitration can only proceed with both parties' consent. While I can understand where they are coming from if they argue this, I believe that, upon looking deeper into the issue, one realizes that their argument does not hold water in the grand scheme of things.

Think about it: Imagine if you were sitting on the bench in the United States District Court for the Western District of Arkansas. Someone sued me for something (anything, take your pick what) in the United States District Court for the Western District of Missouri. I ignore the complaint. The Plaintiff gets a default judgment. Then, he comes to the Western District of Arkansas to domesticate the judgment, so that he can actually collect against me, and only then

do I claim that the Western District of Missouri lacked personal jurisdiction over me, since there was no minimum contacts.

How well do you think you would take that? You probably would not take it very well at all, would you? If I'm being sued, and I don't think the court has jurisdiction over me, I need to take the initiative, myself, and move to dismiss for lack of jurisdiction. The court that *does* have jurisdiction over me will not have any sympathy if I try to raise that objection only when the judgment is being domesticated. This expectation does not prejudice their right to not be subject to an illegitimate exercise of jurisdiction; merely, they must take the initiative to preserve their right to not be subject to an illegitimate exercise of jurisdiction.

Why should that not apply to tribunals in general, including arbitral tribunals? If the Defendants know (or, at the very least, have no excuse for not knowing, like in the instant case) that an arbitration is being filed against them, and they do not think they are contractually obligated to participate, they need to take the initiative and move to vacate the existing arbitration award, and subsequently move for a protective order to prevent future arbitration filings.

If you can find a *real* difference between this hypothetical case and the instant case, let's hear it. However, if the best you can come up with is "This is arbitration; that one is not," then you would essentially be holding arbitration agreements to a double standard, and that is not allowed. See *Allied-Bruce Terminix Company v. Dobson*, 513 U.S. 265 (1995). Furthermore, the employment of a double standard necessarily constitutes an abuse of discretion. See *Presley v. Presley*, Court of Appeals of Arkansas, Case No. CA98-954 ("Although there was ample proof of changed circumstances, the [tribunal] chose to ignore it and employed a double standard. This is certainly an abuse of discretion").

Simply put, a petition to confirm an arbitration award can *only* be fought via a motion to vacate, a motion to modify, and/or a motion to correct. That limitation is absolute.

It is not like the Defendants lacked a sufficient remedy in a motion to vacate, either. The Defendants could have easily moved to vacate the award on the grounds set forth in 9 U.S.C. § 10(a)(1). They implicitly accused me of fraud in the instant issue, and even without fraud, "other undue means" sounds like a grand opening to move to vacate the award. I am not suggesting that they would have won on that issue (as I will explain, later), but at least it would have been procedurally proper, and would have been correctly entertained. However, *Hall Street* explicitly affirms that, in order to avoid confirmation, they must take the fight to me, and move to vacate, rather than waiting for me to move to confirm the award, and not responding with a motion to vacate.

The Defendants *did* respond, mind you, and within the three month time limit, no less, but only with a motion for partial summary judgment. If that motion for partial summary judgment were accompanied by a motion to vacate, then it would be fine, but the motion for partial summary judgment was not accompanied by a motion to vacate, so it is not fine.

Speaking of the motion for partial summary judgment, the District Court erred, not only in denying my motion to confirm the arbitration award, but in simultaneously granting the Defendant's motion for partial summary judgment. To grant a motion for summary judgment, partial or otherwise, the District Court must view all the facts in the light most favorable to me. See *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006).

To that end, the court must view the facts as if the worker who responded to my email *knew* about the contract at stake, and decided to perform the acceptance method, anyway, just to be a smart ellic. At that point, the Defendants' motion for partial summary judgment falls apart.

Besides, the report and recommendation filed by the Honorable Erin Setser did not address the same issues that were raised in the Defendant's motion for partial summary judgment. Therefore, they should be disregarded.

Now that I have addressed why the District Court's order should be overturned, without considering the merits, allow me to attack the District Court's order on the merits.

The District Court's first and foremost mistake comes from ruling that the contract in question is a unilateral contract. Plain and simple, it is *not* a unilateral contract, and I am *still* curious as to why the Honorable Setser thought it was. No supporting facts or legal authorities were provided for why the District Court concluded that this was a unilateral contract, so it is impossible for me to attack the logic, because there was no logic. If the District Court could file an amended order, explaining how it came to the conclusion that the contract in the instant case was not bilateral, that would help.

The second mistake that the District Court made was ruling that sending an email was not an "act" for the purposes of accepting a contract. This is pure, utter BS, and directly conflicts with binding precedent. See *Davidson & Associates v. Jung*, 8th Cir. Case No. 04-3654 ("At the end of both [contracts], Blizzard includes a button with the text, 'I Agree' in it, which the user must select in order to proceed with the installation"). The binding precedent to take away from this case is thus: Clicking is a valid "act" for the purposes of accepting a contract.

Therefore, if clicking is considered an "act" for the purposes of accepting a contract, then sending an email definitely is considered the same. Sending an email necessarily requires that the sender click on a button that says "send" in order to send it.

What's next? Is the District Court going to say "The Defendants performed no act; they merely signed their name at the bottom of a page." Binding precedent explicitly and

unambiguously states that both are considered valid acceptance methods, so what is the difference?

Even if those two arguments (unilateral contract, and the Defendants performed no act) are logically sound, which they are not, it would be irrelevant because the Defendants, in their motion for partial summary judgment, did not deny the element of acceptance; they only denied meeting of the minds. Therefore, the element of acceptance is admitted by default. See Fed. R. Civ. P. Rule 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied"). Therefore, the *entire* case should have revolved around whether or not there was a meeting of the minds, rather than an acceptance.

To that end, a meeting of the minds is established because the contractual terms are clear and unambiguous, and the contract itself was presented in a conspicuous manner. See *National Union Fire Insurance Company v. Guardtronic, Inc.*, Arkansas Court of Appeals, Case No. CA00-1464 ("[T]here was no proof that appellees induced Crain into believing the contracts were anything other than what they were. The language of the contracts was there for all parties to read; it was conspicuous; and there is no proof it was misrepresented in any way. Appellant offered no evidence of fraud, duress, undue influence, lack of capacity, mutual mistake, or inequitable conduct sufficient to void the contracts. Its reliance on Crain's misunderstanding of the contract is therefore not well-taken").

Now, I know what you are probably thinking, right now: Signing your name at the bottom of a page is the archetypal form of accepting a contract. I agree. However, the point I am trying to make is that, once the element of acceptance is established (which is true in the instant case, as I have already established), meeting of the minds (aka mutual *understanding* of

the terms, based on what a reasonable person would understand) is also established upon the contract being clear, unambiguous, and conspicuous.

In conclusion, the Defendants in this case are left without an adequate defense. The District Court more than likely simply did not *like* my case, and did not *want* me to win, so they deliberately disregarded the law and inserted their own personal beliefs. Judges are already under enough scrutiny for alleged "judicial activism" as it is; this case certainly does not help matters.

## STANDARD OF REVIEW

The standard of review in the instant case is *de novo*. The District Court made the following errors of law, which are subject to *de novo* review:

- The contract in the instant case is a unilateral contract.
- Sending an email is not considered an "act" for the purposes of accepting a contract.
- The arbitration award can be confirmed without a motion to vacate, modify, and/or correct the award.
- The motion for partial summary judgment should be granted, without assuming the facts in a light most favorable to me.

## CONCLUSION

Wherefore, I respectfully pray that you reverse the District Court's decision denying the motion to confirm the arbitration award, and remand the case back to the District Court with instructions to enforce the arbitration award.

*David S Stebbins*

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-

_____

| | | |
|---|---|---|
| **David Stebbins** | ) | |
| **Appellant** | ) | |
| | ) | |
| **v.** | ) | **On Appeal from the United States** |
| | ) | **District Court for the Western** |
| **Wal-Mart Stores, Inc.** | ) | **District of Arkansas** |
| **Appellees** | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I, Plaintiff David A. Stebbins, hereby certify that a true and correct copy of my brief in support of my appeal was served on the Defendants by allowing them to view the Notice of Docket Activity, subject to Local Rule 25B.