IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                                    PLAINTIFF

     v.                                       Civil No. 10-3086

WAL-MART STORES ARKANSAS, LLC                                                DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, David Stebbins, filed this action pursuant to the provisions of the Rehabilitation Act, 29 U.S.C. §§ 791-794. Plaintiff's motion to confirm arbitration (Doc. 20) and Defendant's motion for partial summary judgment (Doc. 22) with respect to the arbitration claim are before me for issuance of this report and recommendation. The parties have also filed a number of responses, supplements, and reply briefs on the issue (Docs. 25-32 & 34).

### 1. Background

According to the allegations of the complaint, Plaintiff, who has Asperger Syndrome, applied for a variety of jobs at the Wal-Mart Store in Harrison, Arkansas, during August of 2010. As part of the application process, Plaintiff was required to undergo a computerized "assessment." Plaintiff maintains the assessment, in particular, the questions regarding customer interaction, have a disparate impact on individuals with Asperger Syndrome. Plaintiff asserts that tactlessness and social awkwardness are signature traits of Asperger Syndrome.

Plaintiff indicates he "failed" the assessment but would not have done so if the customer interaction questions were not considered. Plaintiff asserts there are a number of jobs at Wal-Mart that do not involve customer interaction that he was qualified for including a janitor or night shelf-

-1-

stocker.

On November 8, 2010, Plaintiff sent an e-mail to Wal-Mart Customer Service which he maintains constitutes a formal offer to arbitrate the employment discrimination dispute. The language of the "offer" states in relevant part as follows:

> Notice to companies
>
> My name is David Anthony Stebbins, and I live in Harrison, AR. I am sending a link to this webpage to various companies to put you on notice. If you contact me in any way, shape, or form, you hereby acknowledge that you have read, understand, and agree to be legally bound by the terms below.
>
> . . .
>
> You hereby agree that you, as well as any principal or employer that you are acting on behalf of, will initially attempt to settle all legal disputes, even those not relating to this contract by semi-binding arbitration using the services of www.net-arb.com, where you are bound but I am not.

Exhibit B pg. 1 (Doc. 20).

On November 17th, Wal-Mart Customer Care responded:

> Thank you for your recent correspondence. Your message has reached the office that exclusively assists with customer-related matters. In order to obtain the best assistance with your associate/open door issue, we would suggest contacting your Market Manager . . . .

Id. at pg. 2.

On November 21st, Plaintiff responded:

> Apparently, you weren't aware of this, so here it is:
>
> On November 8, 2010, I sent you a formal contract offer, via email. The email stated that, if you initiate communications with me, or if I initiate communications with you, and you entertain said attempt to communicate, you are bound by that contract.
>
> You accepted that offer on November 11, 2010, when I purchased a gallon of milk from you, using a paper check. This check had my name and street address on it, so you knew who I was. Also, your employees asked me to see my ID, and I showed

> them my driver's license, so you had every opportunity to know who I was, then.
>
> Here is the contract that you entered into with me:
>
> http://www.myspace.com/fayettevillesdavid/blog/540490442
>
> So, now, we must hold all legal disputes via arbitration, whether you like it or not!

<u>Id.</u> at pg. 3. On November 24th, Wal-Mart sent Plaintiff an e-mail identical to the one sent on November 17th. <u>Id</u>. at pg. 4.

Thereafter, Plaintiff registered with net-ARB, an online arbitration service. <u>Id.</u> at pg. 5. Net-ARB sent an e-mail to Wal-Mart regarding Plaintiff's registration and his desire to arbitrate an employment dispute. <u>Id.</u> at pgs. 5-6. According to Plaintiff, since Wal-Mart did not accept the arbitration invitation within twenty-four hours of receiving it, he automatically wins regardless of the merits of the case and is entitled to an award of six-hundred billion dollars. <u>(Doc. 20 at pgs. 2-3)</u>.

**2. Discussion**

Plaintiff has moved for enforcement of the arbitration agreement. Wal-Mart maintains there is no cognizable claim because there was no agreement to arbitrate.

"Under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, [a] dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement." <u>Simmons Foods, Inc. v. H. Mahmood J. Al-Bunnia & Sons Co.</u>, 634 F.3d 466, 468 (8th Cir. 2011)(internal quotation marks and citation omitted). However, a "party who has not agreed to arbitrate a dispute cannot be forced to do so." <u>Id.</u> at pg. 469 (internal quotation marks and citation omitted).

"[S]tate contract law governs the threshold question of whether an enforceable arbitration agreements exists between litigants." <u>Donaldson Co., Inc. v. Burroughs Diesel, Inc.</u>, 581 F.3d 726,

-3-

731-32 (8th Cir. 2009). "Under Arkansas law, a contract must include these essential elements: 1) competent parties, 2) subject matter, 3) legal consideration, 4) mutual agreement, 5) mutual obligations." Bonds v. Hunt, 2010 Ark. App. 415, 2010 WL 1904565 (Ark. App. 2010).

In this case, Plaintiff maintains Wal-Mart accepted the contract by its "act" of replying to his e-mail. Unilateral contracts commonly exist where a reward is offered, a contest is involved, or where changes are made and disseminated in an employee manual. See Aon Risk Services, Inc. v. Meadors, 267 S.W.3d 603, 609 (Ark. App. 2007). In such cases, "the offeree does not accept the offer by express agreement but by his performance. . . . Even though he had not directly communicated his acceptance, a contract is formed as the result of his performance. The performance also constitutes consideration for the contract. Whether a proposal is meant to be an offer for a unilateral contract is determined by the outward manifestations of the parties, and not by their subjective intentions." Id. at 609-10 (citations omitted).

In this case, the terms of the e-mails do not suggest the existence of a contract. The e-mails from Plaintiff are self-serving documents that did not form the basis for any conduct or performance on Wal-Mart's part. A unilateral contract is a promise in exchange for an act. Crawford v. General Contract Corporation, 174 F. Supp. 283, 298 (W.D. Ark. 1959). In this case, Wal-Mart performed no act. It merely replied to two e-mails by directing the Plaintiff to the correct department. It performed no service and Plaintiff made no promise. See Restatement (Second) of Contracts § 71(1)-(2) (2010)("To constitute consideration, a performance or a return promise must be bargained for. A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise").

### 3.  Conclusion

For the reasons stated, I recommend that Plaintiff's motion to confirm arbitration (Doc. 20) be denied and Wal-Mart's motion for summary judgment as to the arbitration claim (Doc. 22) be granted.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of April 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                      PLAINTIFF

v.                          Case No. 10-3086

WAL-MART STORES ARKANSAS, LLC                                       DEFENDANT

### ORDER

Now on this 20th day of April 2011, there comes on for consideration the report and recommendation filed herein on April 14, 2011, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas. (Doc. 39). Also before the Court are Plaintiff's objections to the report and recommendation. (Doc. 40).

The court has reviewed this case *de novo* and, being well and sufficiently advised, finds as follows: The report and recommendation is proper and should be and hereby is adopted in its entirety. Accordingly, Plaintiff's Renewed Motion to Confirm Arbitration Award (doc. 20) is DENIED, and Defendant's Motion for Partial Summary Judgment Related to Arbitration Claim (doc. 22) is GRANTED.

IT IS SO ORDERED.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                              **PLAINTIFF**

vs.                                            Case No. 10-3086

**WAL-MART STORES, INC.**                                         **DEFENDANTS**

<u>**SUGGESTION IN SUPPORT OF MOTION
TO CONFIRM ARBITRATION AWARD**</u>

Comes now Plaintiff David Stebbins, who respectfully submits the following suggestion in support of my motion to confirm the arbitration award in the amount of $660,000,000.00.

I do not think that I require leave from the court to file this suggestion, even though it has been more than two weeks time since the last suggestion regarding the motion to confirm the arbitration award was docketed. However, Local Rule 7.2(b) only mentions parties *opposing* a motion. If it is any consolation, the Defendants are more than welcome, as far as I am concerned, to take two additional weeks to file a reply suggestion against this suggestion.

The Defendants have filed no motion to vacate, modify, or correct the arbitration award. The Defendants are only allowed ninety days from the date they are given notice of the arbitration's existence to move to vacate, modify, or correct the award. See 9 U.S.C. § 12. The language of the section does not support any possibility for the court granting any sort of extension, like it does with Local Rule 7.2(b). Therefore, the three month time limit is hard-coded and unchangeable. As the arbitration award was obtained, via the forfeit victory clause, no later than the date of December 4, 2010. See Exhibit A. That means that, by the most generous estimate, they had until March 5, 2011 to file any motions to vacate, modify, or correct the award. Instead, they filed a motion for partial summary judgment within that ninety day time limit.

Vacation, modification, or correction is supposed to be the *only* remedy available to a party opposing an arbitration award. See 9 U.S.C. § 9 ("[T]he court must grant such an order **unless the**

**award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.**") By explicitly provided such few exceptions, the statute clearly intends to mean that a motion to vacate, modify, or correct is the only weapon with which to combat a motion to confirm an arbitration award.

In other words, while a motion for partial summary judgment may be allowed, it must be accompanied by – or perhaps even *preceded* by – a motion to vacate, modify, or correct.

Therefore, the Defendant's motion for partial summary judgment should be denied, for being procedurally improper.

Wherefore, I respectfully pray that you deny the Defendant's motion for partial summary judgment, grant my motion to confirm the arbitration award, award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 8th day of April, 2011.

<div style="text-align:right">

*David Stebbins* (signature)

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024

</div>

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                                      **PLAINTIFF**

vs.                         Case No. 10-3086

**WAL-MART STORES, INC.**                                  **DEFENDANTS**

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of the enclosed suggestion in support of my motion to confirm the arbitration award has been served upon the adverse party by transmitting a copy thereof to the fax number of (501) 688-8807 on the 8th day of April, 2011.

*/s/ David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

Case 3:10-cv-03086-RTD Document 35 Filed 04/14/11 Page 4 of 5



net-ARB Case Status Update

From: net-ARB Internet Arbitration <support@net-ARB.com>
To: stebebsc@yahoo.com

Re: net-ARB Case No. 2952477

This is an automated message to let you know that we still have not heard from Wal-Mart Stores, Inc. yourself and discussing whether or not to go forward with arbitration. Also, please remind the other party to adjust their spam filter to enable emails from net-ARB and to check their spam folder if necessary; for the email we sent when you filed the case.

You can help by contacting Wal-Mart Stores, Inc. yourself and discussing whether or not to go forward with arbitration. Also, please remind the other party to adjust their spam filter to enable emails from net-ARB and to check their spam folder if necessary; for the email we sent when you filed the case.

Please address any new information you have to: support@net-ARB.com

Thank you,
net-ARB Support

10 of 17

Appellate Case: 11-1966    Page: 10    Date Filed: 05/04/2011 Entry ID: 3783795



IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 2011
CHRIS R. JOHNSON, CLERK

**DAVID STEBBINS**                                                                                    **PLAINTIFF**

vs.                                            Case No. 10-3086

**WAL-MART STORES, INC.**                                                                **DEFENDANTS**

### SUGGESTION IN SUPPORT OF MOTION
### TO CONFIRM ARBITRATION AWARD

Comes now Plaintiff David Stebbins, who respectfully submits the following suggestion in support of my motion to confirm the arbitration award in the amount of $660,000,000.00.

I do not think that I require leave from the court to file this suggestion, even though it has been more than two weeks time since the last suggestion regarding the motion to confirm the arbitration award was docketed. However, Local Rule 7.2(b) only mentions parties *opposing* a motion. If it is any consolation, the Defendants are more than welcome, as far as I am concerned, to take two additional weeks to file a reply suggestion against this suggestion.

The Defendants have filed no motion to vacate, modify, or correct the arbitration award. The Defendants are only allowed ninety days from the date they are given notice of the arbitration's existence to move to vacate, modify, or correct the award. See 9 U.S.C. § 12. The language of the section does not support any possibility for the court granting any sort of extension, like it does with Local Rule 7.2(b). Therefore, the three month time limit is hard-coded and unchangeable. As the arbitration award was obtained, via the forfeit victory clause, no later than the date of December 4, 2010. See Exhibit A. That means that, by the most generous estimate, they had until March 5, 2011 to file any motions to vacate, modify, or correct the award. Instead, they filed a motion for partial summary judgment within that ninety day time limit.

Vacation, modification, or correction is supposed to be the *only* remedy available to a party opposing an arbitration award. See 9 U.S.C. § 9 ("[T]he court must grant such an order **unless the**

**award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.**") By explicitly provided such few exceptions, the statute clearly intends to mean that a motion to vacate, modify, or correct is the only weapon with which to combat a motion to confirm an arbitration award.

In other words, while a motion for partial summary judgment may be allowed, it must be accompanied by – or perhaps even *preceded* by – a motion to vacate, modify, or correct.

Therefore, the Defendant's motion for partial summary judgment should be denied, for being procedurally improper.

There appears to be an Arkansas Supreme Court case that seems to negate my argument. See *Danner v. MBNA America Bank*, Supreme Court of Arkansas, Case No. 06-1429. However, that decision was published in 2007, but in 2008, the United States Supreme Court published a decision that said the exact opposite. It is called *Hall Street Associates, LLC v. Mattel, Inc.*, and has the U.S. Supreme Court case number of 06–989.

The United States Court of Appeals for the Eighth Circuit elaborated on this matter, in the case of *Medicine Shoppe International, Inc. v. Turner Investments, Inc.*, which has the 8th Circuit case number of 09-2179. I directly quote from that case:

"Prior to Hall Street, a court could vacate arbitration awards on grounds other than those listed in the FAA. See Schoch, 341 F.3d at 788 (holding that in addition to the FAA's expressed reasons for vacating arbitration awards, a court can vacate an arbitration award if it is "completely irrational," which means "it fails to draw its essence from the agreement," or if the award evidences a manifest disregard for the law.). In 2008, however, Hall Street, resolving a circuit split, held that "the text [of the FAA] compels a reading of the §§ 10 and 11 categories as exclusive." 552 U.S. At 586.

> On application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies."

Therefore, I have an absolute, unreviewable (at least, not anymore) right to have this arbitration award confirmed, without any further opposition.

Wherefore, I respectfully pray that you deny the Defendant's motion for partial summary

13 of 17

judgment, grant my motion to confirm the arbitration award, award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 20th day of April, 2011.

<div style="text-align:right">
<em>/s/ David Stebbins</em><br>
David Stebbins<br>
1407 N Spring Rd,<br>
APT #5<br>
Harrison, AR 72601<br>
870-204-6024<br>
stebbinsd@yahoo.com
</div>

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                         **PLAINTIFF**

vs.                                     Case No. 10-3086

**WAL-MART STORES, INC.**                                     **DEFENDANTS**

### CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of the enclosed suggestion in support of my motion to confirm the arbitration award has been served upon the adverse party by transmitting a copy thereof to the fax number of (501) 688-8807 on the 8th day of April, 2011.

*/s/ David Stebbins*

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com



WESTERN DISTRICT ARKANSAS
FILED
APR 26 2011
CHRIS R. JOHNSON, CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                          PLAINTIFF

vs.                           Case No. 10-3086

WAL-MART STORES, INC.                  DEFENDANTS

## MOTION FOR RECONSIDERATION

Comes now Plaintiff David Stebbins, who respectfully submits the following motion for reconsideration of my motion to confirm the arbitration award.

I submitted a suggestion in support of my motion. You received the suggestion on April 21, 2011, but you had already passed judgment, denying the motion, on April 20, 2011.

I believe that you should factor this suggestion into your decision. The only reason it is late is because I do not have ECF access. Details will be provided in the brief. Furthermore, while you do not think that my motion should be granted on the merits, this suggestion, as you can see, renders the merits moot.

Wherefore, I respectfully pray that you reconsider my motion to confirm the arbitration award, subsequently grant the motion, and award other relief that the court finds appropriate.

It is so humbly requested on this 22nd day of April, 2011.

*David Stebbins* (signature)

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com