# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1966

———————

**David Stebbins**  )
    **Appellant**  )
)
v.  )    **On Appeal from the United States**
)    **District Court for the Western**
**Wal-Mart Stores, Inc.**  )    **District of Arkansas**
    **Appellees**  )
)

## SUPPLEMENT TO BRIEFING IN SUPPORT OF APPEAL

Comes now *pro se* Appellant David Stebbins, who respectfully submits the following supplement to my briefing in support of my appeal.

Assuming that my argument of being time-barred fails, I wish to provide this elaboration for my argument that sending an email constitutes acceptance to a contract: They are trespassing into my email inbox.

This is not raised for the first time on appeal. In my original motion, I included this paragraph:

> "Another example is a sign posted on a door that states "Read this before entering." If the sign is clearly visible, to the point where any reasonable person would see it, even if they do not stop and read it, then it is valid. At that point, if a person walks through the door, he will have accepted the terms stated on that sign, would he not? If security cameras showed that he actually stopped to read the sign, that would merely serve as a *ad abundantiam* – adding strength to an already valid case."

Therefore, this argument is *not* being raised for the first time on appeal.

Anyway, by sending me an email, they are trespassing into my email inbox. This constitutes their acceptance to the contract, because, as trespassers to chattel, they must accept

the property owners' terms of using the property.

The Report and Recommendation of the Magistrate Judge in this case stated that "The e-mails from Plaintiff are self-serving documents that did not form the basis for any conduct or performance on Wal-Mart's part." Well, is trespassing a conduct or performance? I beg you to use some common sense!

Wherefore, for that reason as a last resort, I respectfully pray that you reverse the district court's decision, award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 24th day of May, 2011.

*David S Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

United States Court of Appeals
FOR THE EIGHTH CIRCUIT

———————

No. 11-1966

———————

| | |
|---|---|
| **David Stebbins** )<br>  **Appellant** )<br>)<br>v.          )<br>)<br>**Wal-Mart Stores, Inc.** )<br>  **Appellees** )<br>) | On Appeal from the United States<br>District Court for the Western<br>District of Arkansas |

### CERTIFICATE OF SERVICE

I, Appellant David Stebbins, hereby certify that a true and correct copy of my supplement to my brief in support of my appeal, was served on the Defendants by allowing them to view the Notice of Docket Activity on ECF.

*David Stebbins* (signature)

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com